UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT SMITH,

        Plaintiff,

                                            Case No. 10-CV-12648
vs.                                       HON. GEORGE CARAM STEEH

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

      Plaintiff Herbert Smith applied for supplemental security income (SSI) on July 31, 2006, alleging disability as of October 30, 2005 due to back injury. The Secretary denied his benefits on November 17, 2006. Plaintiff then requested a hearing before an ALJ, who determined that plaintiff was not disabled, and therefore not eligible for SSI, on August 4, 2009. The Appeals Council declined to review this decision, which became a final decision of the Secretary. Plaintiff filed suit in this court on July 2, 2010. Both parties filed motions for summary judgment which were referred to the magistrate judge for report and recommendation. On July 6, 2011, the magistrate judge issued a report and recommendation recommending that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted. Objections to that report have been filed by plaintiff within the established time period. The court has reviewed the file, record, and magistrate judge's report and recommendation. The court accepts the report and recommendation, and orders that judgment be entered for

defendant.

Plaintiff was born July 3, 1963, completed high school and three years of college, and worked as an electrician. He testified that he last worked between September, 2006 and April, 2007 as an electrician for Indacom Corporation, estimating that he worked between 40 and 60 hours each week. He reported that neck and back pain forced him to leave the job in April, 2007. He acknowledged that between 1999 and 2004 he "worked for [him]self," and that he did not pay either income taxes or self-employment tax on those earnings. He denied any self-employment since his October, 2005 injuries.

The ALJ found that plaintiff was not disabled at "Step One" of the administrative sequence, finding that he "failed to prove that he did not engage in substantial gainful activity ("SGA") following his alleged onset of disability date. The ALJ noted that although plaintiff alleged that he had not worked since April, 2007, his 2007 fourth quarter earnings showed that he made $7,137, for the first quarter of 2008 he made $6,826, and for the second quarter of 2008 he made $682. The ALJ also observed that plaintiff drew unemployment benefits from the second quarter of 2008 through the second quarter of 2009. He received $1,140 in the second quarter of 2008, $3,422 in the third quarter of 2008, $2,117 in the fourth quarter of 2008, and $3,355 in the second quarter of 2009.

The Social Security Act provides that an individual who is engaged in SGA during the alleged period of disability is not entitled to disability benefits. 42 U.S.C. § 423(f). The first step in establishing eligibility for benefits is the determination whether the claimant is engaged in SGA. If he is, his claim is rejected without consideration of his

medical condition, age, education or work experience.  20 C.F.R. §§ 416.920(a), (b).  "Substantial work activity" is defined in the regulations as work that "involves doing significant physical or mental activities" and "is the kind of work usually done for pay or profit."  20 C.F.R. §§ 416.972(a), (b).  Average monthly earnings of $900 in 2007, $940 in 2008, and $980 in 2009 create a rebuttable presumption of SGA.  20 C.F.R. § 416.974(b)(2).  "[I]t is plaintiff's burden at step one to rebut the presumption that she is engaged in substantial gainful activity based on her earnings."  Bell v. Commissioner of Social Sec., 105 F.3d 244, 246 (6th Cir. 1996).

Plaintiff's first objection is that the magistrate incorrectly credited the finding by the ALJ that he performed work at the SGA level.  The ALJ noted that plaintiff's earnings for the fourth quarter of 2007 amounted to an average of $2,379 per month ($7,137 divided by 3 months).  This exceeds the SGA amount for 2007 of $900.  The ALJ also noted that plaintiff's earnings for the first quarter of 2008 amounted to an average of $2,275.33 ($6,826 divided by 3 months).  This exceeds the SGA amount for 2008 of $940.  These earnings create a presumption that plaintiff engaged in SGA.  Plaintiff has not rebutted this presumption.  The court agrees with the ALJ's assessment of the evidence and overrules plaintiff's first objection.

Plaintiff's second objection relates to the finding that his employment after the alleged onset date was not a failed work attempt.  Specifically, plaintiff characterizes his work for Indacom as an "unsuccessful work attempt," rather than SGA.  However, work "performed at the substantial gainful activity earnings level for more than 6 months" cannot be considered an unsuccessful work attempt, "regardless of why it ended or was reduced below the substantial gainful activity earnings level."  20 C.F.R. §§

404.1574(c)(5). Plaintiff admits to working for Indacom "approximately seven to eight months" from September of one year to April of the next year. Regardless of which day in September plaintiff started work and which day in April he ended, the work would have lasted over six months and does not constitute an "unsuccessful work attempt." The evidence sufficiently supports the ALJ's finding that plaintiff's work as an electrician was not a failed work attempt.

Plaintiff's third objection is that the ALJ considered plaintiff's unemployment benefits as evidence to determine whether or not he had participated in SGA. The ALJ recognized the internal inconsistency between applying for unemployment benefits and claiming to be ready and willing to work, while claiming an inability to work in seeking disability benefits. The ALJ determined that in plaintiff's case, this conundrum detracted from plaintiff's credibility because plaintiff had already "demonstrated a willingness to work off the book," worked and earned SGA after his alleged onset date, and had "received unemployment compensation benefits indicating that he was ready, willing, and able to work." The ALJ was reasonable in his conclusion that "[b]y reason of the foregoing, I am not convinced that the claimant did not return to SGA within any 12-month period of time."

Plaintiff's final objection pertains to the magistrate's finding that the ALJ did not have to complete the remaining steps of the sequential analysis beyond step one. Plaintiff is incorrect in this regard. See Bell v. Comm'r, 105 F.3d 244, 247; 20 C.F.R. § 416.920(a)(4)(I) and (b). An ALJ need not discuss medical evidence or physician opinions if the ALJ decides a case at step one. See Katz v. Sec'y of Health & Human Servs., 972 F.2d 290, 293 (9th Cir. 1992).

The ALJ's decision is supported by substantial evidence, and is therefore affirmed.

Accordingly,

IT IS HEREBY ORDERED that the magistrate's report and recommendation is accepted.

IT IS FURTHER ORDERED that judgment enter for defendant.

Dated: September 6, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 6, 2011, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---